**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPHA A. CAMPINHA-BACOTE** | : | **Case No. 1:15-cv-330** |
| **d/b/a TRANSCULTURAL C.A.R.E.** | : | |
| **ASSOCIATES,** | : | **Judge Michael R. Barrett** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **REGENTS OF THE UNIVERSITY OF** | : | |
| **MICHIGAN, et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on Defendant Regents of the University of Michigan's ("University") Motion to Dismiss (Doc. 5), Plaintiff Josepha A. Campinha-Bacote d/b/a Transcultural C.A.R.E. Associates' Response in Opposition ("Campinha-Bacote") (Doc. 10), and the University's Reply (Doc. 12).  Also before the Court is Campinha-Bacote's Motion for Leave to File First Amended Complaint (Doc. 14) and the University's Response in Opposition (Doc. 16); Campinha-Bacote's Motion for Leave to File Second Amended Complaint (Doc. 17), the University's Response in Opposition (Doc. 19), and Campinha-Bacote's untimely Reply (Doc. 21); Campinha-Bacote's Motion for Leave to File Third Amended Complaint (Doc. 18), the University's Response in Opposition (Doc. 19), and Campinha-Bacote's untimely Reply (Doc. 21); and Campinha-Bacote's Motion for Extension of Time to Serve Defendants Meynard and McCarthy (Doc. 20).

**I.     <u>THE COMPLAINT</u>**

Campinha-Bacote does business as Transcultural C.A.R.E. Associates, a sole proprietorship registered under the laws of Ohio that provides keynotes presentations,

workshops, seminars, consultations, and training focused on clinical, administrative, research, and educational issues related to cultural competence, transcultural health care, and mental health.  (Doc. 1, PageId 2).  Campinha-Bacote is the President and Founder of Transcultural C.A.R.E., which has a principal place of business in Cincinnati, Ohio.  (Id.).  In 2002, Campinha-Bacote developed a mnemonic model of cultural competence entitled "Cultural Competency in Healthcare Delivery:  Have I 'ASKED' Mysef the Right Questions?"  ("ASKED model"), which was an original work that was copyrighted under U.S. law in 2003 with Registration No. TX 5-837-864, effective date September 11, 2003.  (Id., PageId 3).

The Regents of the University of Michigan is the governing body of the University of Michigan, a public university located in Ann Arbor, Michigan.  (Doc. 1, PageId 2). "Upon information and belief, Defendant Jane Does 1-5 are residents of the state of Michigan and are employees of the University."  (Id.).

On or around March 28, 2015, Campinha-Bacote "learned that Defendants reproduced and published [her] copyrighted material (the "ASKED Model") in an outline publication entitled "University of Michigan Health System Volunteer Services."  (Doc. 1, PageId 3). "Upon information and belief, Defendants Jane Does 1-5 published this copyrighted material in their official capacities" to further the interests and goals of the University.  (Id., PageId 4). Campinha-Bacote alleges that none of the Defendants had permission to publish or display the ASKED model and were able to produce any documentation permitting use of the ASKED model.  (Id., PageId 4-5).

Campinha-Bacote now brings a claim against the University and Jane Does 1-5 for copyright infringement pursuant to 17 U.S.C. § 501.  (Doc. 1, PageId 5).

## II.    THE UNIVERSITY'S MOTION TO DISMISS

The University moves to dismiss Campinha-Bacote's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). The University contends that it is immune from Campinha-Bacote's copyright infringement claims pursuant to the Eleventh Amendment of the United States Constitution.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Amendment provides a State with sovereign immunity in federal courts and prohibits private citizens from suing a State unless Congress has abrogated that sovereign immunity or the State has consented. *Bd. of Trustees v. Garrett*, 531 U.S. 356, 363 (2001); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996) (abrogated on other grounds). This immunity extends to state agencies. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993).

Campinha-Bacote does not dispute that the University is a state entity that is entitled to Eleventh Amendment immunity (*see* Doc. 10), and the University has affirmatively shown that it is indeed a state entity (*See* Doc. 5, PageId 20) (citing Michigan Constitution 1963, Article VIII, § 5; *Vargo v. Sauer*, 457 Mich. 49, 71 n. 24 (1998)). Additionally, the University has argued (Doc. 5, PageId 21), and Campinha-Bacote has not contested (*see* Doc. 10), that the University has not unequivocally expressed consent to suit under the Copyright Act or waived its sovereign immunity. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (a waiver of Eleventh Amendment immunity will be found only where indicated "'by the most express language or by such overwhelming implications from the text as [will] leave no room for any other reasonable construction.'") (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).

Accordingly, the issues for resolution as to the University's Eleventh Amendment immunity are whether Congress abrogated the states' sovereign immunity through the Copyright Remedy Clarification Act ("CRCA"), 17 U.S.C. § 511(a). and relatedly, whether Campinha-Bacote has pled a valid exception to such sovereign immunity against the University under the Due Process Clause.[1]

As stated above, Congress may abrogate the states' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001) (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 73 (2000)); *Fla. Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank*, 527 U.S. 627, 635-36 (1999).

Campinha-Bacote argues that the plain language of the CRCA demonstrates that Congress has unequivocally expressed an intent to abrogate the state's immunity. (Doc. 10, PageId 33-34). The Court agrees that the language of the CRCA is unambiguous in this respect. Section 511 states:

> Any State, any instrumentality of a State, and any officer or employee of a State or instrumentality of a State acting in his or her official capacity, shall not be immune, under the Eleventh Amendment of the Constitution of the United States or under any other doctrine of sovereign immunity, from suit in Federal Court by any person, including any governmental or nongovernmental entity, for a violation of any of the exclusive rights of a copyright owner provided by sections 106 through 122, for importing copies of phonorecords in violation of section 602, or for any other violation under this title.

---

[1] Campinha-Bacote also makes an argument as to the Jane Doe Defendants. (Doc. 10, PageId 34-35). The University, however, did not move to dismiss the claims against the Jane Doe Defendants. (*See* Doc. 5). Thus, the Court need not address any arguments as to the Jane Doe Defendants in relation to the University's motion to dismiss.

17 U.S.C. § 511(a). As Congress's intent to abrogate sovereign immunity in Section 511 is clear, the first requirement is satisfied.

With respect to the second requirement, the Court concludes that Congress did not act pursuant to a valid grant of constitutional authority when enacting the CRCA. Congress cannot validly abrogate a state's immunity from suit by passing legislation pursuant to Article I of the Constitution. *Florida Prepaid*, 527 U.S. at 636; *see also Seminole Tribe of Fla.*, 517 U.S. at 47, 72-73. In *Florida Prepaid*, the Court held that Congress's attempt to abrogate state sovereign immunity in the Patent Remedy Act cannot be justified under either the Commerce Clause or the Patent Clause as both arise under Article I. *Florida Prepaid*, 527 U.S. at 636. Similar to the Patent Remedy Act at issue in *Florida Prepaid*, Congress's attempt at abrogation in the CRCA is invalid because the law was passed pursuant to the Copyright Clause found in *Article I* of the United States Constitution.

Campinha-Bacote contends that despite the holding in *Florida Prepaid*, the states' sovereign immunity has been abrogated by the CRCA. Campinha-Bacote argues that the CRCA's abrogation provision remains "good law" because there are no cases from the Supreme Court or the Sixth Circuit that definitively hold that the CRCA is an invalid attempt to abrogate the states' sovereign immunity. (Doc. 10, PageId 34). While the Court acknowledges that there is no Supreme Court case or Sixth Circuit case that directly addresses the validity of the CRCA's attempt at abrogation, *Florida Prepaid,* a case binding on this Court, necessarily dictates the conclusion in this case. Pursuant to *Florida Prepaid*, the CRCA cannot validly abrogate the States' sovereign immunity because it was passed pursuant to the Copyright Clause found in *Article I.*[2] Indeed, numerous courts have held that the CRCA was passed pursuant to Article I

---

[2] Notably, the Sixth Circuit previously has held that other legislation failed to validly abrogate the states' Eleventh Amendment immunity because it was passed pursuant to Article I. *Wilson-Jones v. Caviness*, 99 F.3d 203, 207-11

powers and thus was not a valid abrogation of the states' Eleventh Amendment immunity.  *See, e.g., Rodriguez v. Texas Comm'n on the Arts*, 199 F.3d 279, 280-81 (5th Cir. 2000); *Chavez v. Arte Publico Press*, 204 F.3d 601, 607-07 (5th Cir. 2000); *Coyle v. University of Kentucky*, 2 F. Supp. 3d 1014, 1018-19 (E.D. Ky. Mar. 4, 2014); *Whipple v. State*, No. 2:10-cv-811, 2011 U.S. Dist. LEXIS 10963, at *55-58 (D. Utah Aug. 24, 2011) (collecting cases); *Campinha-Bacote v. Bleidt*, No. H-10-3481, 2011 U.S. Dist. LEXIS 12604, at *4-5 (S.D. Tex. Feb. 9, 2011); *Campinha-Bacote v. Tenney*, No. 10-cv-3165, 2011 U.S. Dist. LEXIS 22669, at *1-2 (E.D.N.Y. Jan. 29, 2011); *Jacobs v. Memphis Convention & Visitors Bureau*, 710 F. Supp. 2d 663, 670-72 (W.D. Tenn. 2010).  Campinha-Bacote has not directed the Court to any cases that hold otherwise.

Alternatively, Campinha-Bacote argues that (Doc. 10, PageId 34) in *Florida Prepaid*, the dissent included a footnote that stated that "there is hope that the Copyright Remedy Clarification Act of 1990 may be considered 'appropriate' § 5 legislation."  *Florida Prepaid*, 527 U.S. at 658 n.9.  The power to abrogate the states' Eleventh Amendment immunity by passing enforcement legislation under Section 5 of the Fourteenth Amendment indeed is well established.  *See Florida Prepaid*, 527 U.S. at 636-37 (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 59 (1996) and *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976)).  Yet, notwithstanding the theoretical availability of Section 5 as a constitutional basis for legislation abrogating state sovereign immunity, Campinha-Bacote has not offered any evidence or caselaw that would support a finding that Congress passed the CRCA pursuant to Section 5,[3] and this argument been directly rejected by multiple district courts.  *Jacobs*, 710 F. Supp. 2d at 670-82; *see also Roy v.*

_____

(6th Cir. 1996) (Fair Labor Standards Act was passed under Commerce Clause of Article I and thus did not abrogate states' Eleventh Amendment immunity; FLSA also was not passed to enforce Equal Protection Clause of the Fourteenth Amendment).

[3] To the extent Campinha-Bacote's argument concerning due process is intended to be an argument relating to passage of the CRCA pursuant to Section 5, that argument is not well taken.

*N.H. Dep't of Corr.*, No. 13-cv-438, 2015 U.S. Dist. LEXIS 113301, at *18 (D.N.H. July 8, 2015); *Issaenko v. Univ. of Minn.*, 57 F. Supp. 3d 985, 1008 (D. Minn. 2014).

Campinha-Bacote's reliance on *United States v. Georgia*, 546 U.S. 151 (2006), for the argument that the states' sovereign immunity was validly abrogated pursuant to Section 5 because the statutorily prescribed conduct also violated the guarantee of Due Process under the Fourteenth Amendment is not persuasive. (*See* Doc. 10, PageId 32). In *Georgia*, the petitioner, a paraplegic, sued the state under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act of 1990 over the conditions of his confinement in a Georgia prison. *Georgia*, 546 U.S. 151, syllabus. The issues before the Supreme Court were whether Title II of the Americans with Disabilities Act of 1990 validly abrogated state sovereign immunity and whether Title II was a proper exercise of Congress's power under Section 5 of the Fourteenth Amendment. *Id.* The Supreme Court held that Title II of the ADA does abrogate sovereign immunity in cases where Eighth Amendment violations are alleged and that Congress acted properly pursuant to its power under Section 5 of the Fourteenth Amendment. *Id. Georgia*, however, has no bearing on the CRCA or an individual's right to due process with respect to a copyright, and Campinha-Bacote has not cited to a single copyright infringement case that supports her due process argument with respect to the CRCA. Further, in *National Association of Boards of Pharmacy v. Board of Regents*, 633 F.3d 1297 (11th Cir. 2011), the circuit court discussed *Georgia*'s lack of application to copyright infringement claims:

> Based on these allegations, it is unclear whether NABP's procedural due process claim actually falls under *Georgia*'s framework. In *Georgia*, the identical conduct that violated the Americans with Disabilities Act also violated the Eighth Amendment. 546 U.S. at 157, 126 S. Ct. at 880-81. Here, the action necessary to infringe a copyright is arguably distinct from the conduct constituting NABP's procedural due process claim. In its simplest form, one infringes a copyright by copying or distributing a work; no amount of process absent the owner's consent avoids liability under the statute. *See,*

> *e.g.*, 17 U.S.C. § 106.  NABP's due process claim argues that it should have received a pre-deprivation hearing before its copyright was infringed.  This alleged conduct—failing to provide a hearing—is not identical to copyright infringement.  Therefore, NABP's argument that it was owed a pre-deprivation hearing is not implicated by a strict understanding of what it is to infringe a copyright and thus arguably not covered by *Georgia*.  We need not discuss this argument further, however, because it is clear that NABP has not shown an actual denial of procedural due process.

*C.f. Jacobs*, 710 F. Supp. 3d at 670-82.

Here, the Court concludes that Congress did not validly abrogate the states' Eleventh Amendment sovereign immunity and that the statutorily proscribed conduct, as explained in *National Association of Boards of Pharmacy*, does not simultaneously and independently violate a constitutional guarantee protected by the Fourteenth Amendment as it did in *Georgia*.  Instead, the existence of a constitutional due process violation—which none has been properly pled in the Complaint—is an inquiry distinct from whether a copyright was infringed.  As such, Campinha-Bacote's attempt to rely on *Georgia* is unavailing.

Accordingly, the Court concludes that the CRCA does not validly abrogate the states' Eleventh Amendment sovereign immunity and dismissal of the CRCA claims against the University is appropriate.

## III.  CAMPINHA-BACOTE'S MOTIONS TO AMEND

### A.  First Motion to Amend (Doc. 14)

In the First Motion to Amend, Campinha-Bacote seeks to add a cause of action under the Fourteenth Amendment for a violation of her due process rights.  (Doc. 14, PageId 85).  The University responds that the Court should deny the motion to amend because the amendment would be futile.  (Doc. 16, PageId 105).  The Court agrees with the University.

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  Trial courts need not give leave to

amend when doing so would be futile. *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). "An amendment is futile if it would not survive a motion to dismiss" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *SFS Check, LLC*, 774 F.3d at 355 (citing *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)).

Campinha-Bacote again relies upon *United States v. Georgia*, 546 U.S. 151 (2006), to support her request for amendment to include a claim for violations of due process. (Doc. 14, PageId 85). As explained previously, however, Campinha-Bacote's attempt to rely on *Georgia* is unavailing. The alleged lack of procedural due process about which Campinha-Bacote complains is not conduct identical to that proscribed under the CRCA. As such, Campinha-Bacote's reliance on *Georgia* does not provide a basis for allowing the claim to proceed.

Accordingly, the first motion to amend is denied.[4]

### B. Second and Third Motions to Amend (Docs. 17, 18)

Campinha-Bacote seeks leave to amend the Complaint to add the names of two "Jane Does." (Docs. 17, 18). Specifically, Campinha-Bacote seeks to add Loulie Meynard and Linda McCarthy as Defendants. (Docs. 17, 18). Campinha-Bacote states that the University first identified Loulie Meynard in response to Plaintiff's limited discovery requests on November 9, 2015, and she thereafter sought leave to amend on December 15, 2015. (Doc. 17, PageId 110). Campinha-Bacote further states that the University recently clarified in an interrogatory response that Linda McCarthy also is responsible for the posting of the allegedly infringing material online, and she thereafter sought leave to amend again on December 28, 2015. (Doc. 18, PageId

---

[4] While an amended complaint will supersede the original complaint to become the legally operative complaint in the matter and render pending motions to dismiss moot, *Drake v. City of Detroit*, 266 F. App'x 444, 448 (6th Cir. 2008), this motion does not present such a scenario given that the motion to amend has been denied. Further, the claims sought to be added do not alter the claims upon which dismissal is sought such that it is appropriate to address the issues raised in the motion to dismiss.

126).  The University argues that the proposed amendment is futile and that Campinha-Bacote's attempt to amend the Complaint is untimely under Federal Rule of Civil Procedure 4(m).  (Doc. 19).

As stated previously, Federal Rule of Civil Procedure 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a).  Trial courts need not give leave to amend when doing so would be futile.  *SFS Check, LLC v. First Bank of Del.*, 774 F.3d 351, 355 (6th Cir. 2014) (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Federal Rule of Civil Procedure 4 sets forth the time limits for service:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).[5]  Here, the Court finds that Campinha-Bacote has demonstrated good cause for failure to serve the Jane Doe Defendants within the 120-day period.  After being unable to serve the Jane Doe Defendants within the proscribed timeframe, Campinha-Bacote filed a motion for discovery in which she explained why she had been unable to uncover the identities of the Jane Doe Defendants up to that date and prior to the conference required under Federal Rule of Civil Procedure 26(f).  (*See* Doc. 13).  The Court granted the limited discovery on October 20, 2015, although at that time the Rule 26(f) conference had occurred.  While Campinha-Bacote may have been a little less than prompt in seeking leave to add the names of the Jane Doe Defendants to the Complaint after learning the identities through discovery and in

---

[5] The time period for service has been reduced from 120 days to 90 days pursuant to an amendment to Federal Rule of Civil Procedure 4(m) that was effective December 1, 2015.  As the Complaint was filed in this case on May 18, 2015, the prior version of Rule 4(m) permitting service within 120 days still was in effect.  As such, the Court applies the prior version here.

not yet serving them, the Court concludes that the an extension of the deadline to serve the newly identified Defendants is appropriate.  Accordingly, Campinha-Bacote is granted leave to file an Amended Complaint in which she identifies Loulie Meynard and Linda McCarthy as Defendants.  The granting of leave to amend does not change the outcome with respect to the University, as the requested amendments do not alter the allegations as to the University or the status of the University's sovereign immunity in any way.  The claims against the University therefore shall still be dismissed and the only remaining claims shall be those in the Amended Complaint pertaining to Loulie Meynard and Linda McCarthy.

## IV.    CONCLUSION

Consistent with the foregoing, it is hereby **ORDERED** that:

1.    The University's Motion to Dismiss (Doc. 5) is **GRANTED**, and all claims against the University are **DISMISSED**.

2.    Campinha-Bacote's Motion for Leave to File First Amended Complaint (Doc. 14) is **DENIED**.

3.    Campinha-Bacote's Motion for Leave to File Second Amended Complaint (Doc. 17) and Campinha-Bacote's Motion for Leave to File Third Amended Complaint (Doc. 18) are **GRANTED**.  Campinha-Bacote is hereby granted leave to file an Amended Complaint, consistent with this Opinion and Order, identifying Loulie Meynard and Linda McCarthy as Defendants.  Campinha-Bacote shall file the Amended Complaint within **7 days** of the Opinion and Order.

4.    Campinha-Bacote's Motion for Extension of Time to Serve Defendants Meynard and McCarthy (Doc. 20) is **GRANTED IN PART**.  She shall have **30 days** from the date of this Opinion and Order to serve these Defendants.  Failure to serve these Defendants within this timeframe shall result in dismissal of this action against them pursuant to Federal Rule of Civil Procedure 4(m).

**IT IS SO ORDERED.**

s/Michael R. Barrett_____
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT COURT